**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1393

_____

SAMAN KHOURY,
                                         Appellant
v.

SECRETARY UNITED STATES ARMY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-12-cv-06695)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 26, 2016

Before:  FISHER, VANASKIE and KRAUSE, *Circuit Judges*.

(Opinion Filed:  January 27, 2017)

_____

OPINION[*]

_____

FISHER, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Saman Khoury appeals the District Court's grant of summary judgment for the Secretary of the United States Army, rejecting Khoury's reasonable accommodation claim brought under the Rehabilitation Act of 1973.[1] We will affirm.

## I.

Saman Khoury is a former employee of the U.S. Army Research Development and Engineering Command at Picatinny Arsenal, New Jersey. In 2004, Khoury filed an Equal Employment Opportunity ("EEO") complaint against the Army for disability discrimination and failure to reasonably accommodate his injuries stemming from three unrelated motor vehicle accidents. In response, the parties executed a negotiated settlement agreement ("NSA") providing that, "subject to approval by higher headquarters," management would provide first-class air accommodations for work-related trips requiring air travel.[2]

In March 2006, Khoury requested travel by first-class air for an upcoming assignment in Rock Island, Illinois. On March 26, 2006, the Army approved air travel by coach. Pursuant to the NSA, Khoury submitted medical documentation recommending that he be able to "get up and walk around after sitting for approximately one hour."[3]

---

[1] 29 U.S.C. § 701 *et seq.*
[2] App. 193a-196a.
[3] App. 145a.

2

Additionally, Khoury consulted the EEO office for assistance in acquiring first-class flight accommodations pursuant to the NSA.[4]

Following discussions with EEO personnel, the Army approved travel arrangements by train with a sleeper car upgrade. Khoury then booked his own train ticket to Illinois and a hotel room for an overnight detour in Washington, D.C. Khoury departed for his assignment on Friday, April 21, arriving in Washington, D.C. later that morning, where he saw a performance at Ford's Theatre and toured a museum. The next day, Khoury departed for Illinois in a family bedroom car. On April 24, while still in Illinois, Khoury visited the emergency room and was diagnosed with a back sprain. Khoury then booked a first-class airplane ticket without the Army's permission for his return trip to New Jersey.

On October 23, 2012, Khoury filed a complaint in the United States District Court for the District of New Jersey under the Rehabilitation Act. In his amended complaint, Khoury alleged failure to grant a reasonable accommodation (Count I), disability discrimination (Count II), retaliation (Count III), and hostile environment (Count IV). Khoury did not pursue the hostile environment claim in the District Court. The Army moved for summary judgment under Federal Rule of Civil Procedure 56, and the District Court granted the motion. This appeal followed.

II.

---

[4] App. 509a, 534a.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over summary judgment determinations, applying the same legal standard as the District Court.[5] Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] All facts are viewed "in the light most favorable to the non-moving party."[7]

III.

On appeal, Khoury limits his challenge to the District Court's grant of summary judgment on his reasonable accommodation claim. Khoury argues that the District Court erred in holding that he failed to exhaust his administrative remedies, that he was not disabled under the Rehabilitation Act, and that the Army granted him a reasonable accommodation. Because each is an independent ground for affirming the District Court's decision, we only address Khoury's reasonable accommodation argument.

The Rehabilitation Act forbids federal employers "from discriminating against persons with disabilities in matters of hiring, placement, or advancement."[8] To establish a *prima facie* case, Khoury must show "(1) he is a disabled person within the meaning of the [Rehabilitation Act]; (2) he is otherwise qualified to perform the essential functions of

---

[5] *Mengine v. Runyon*, 114 F.3d 415, 418 (3d Cir. 1997).
[6] Fed. R. Civ. P. 56(a).
[7] *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268 (3d Cir. 2014) (internal quotation marks omitted).
[8] *Shiring v. Runyon*, 90 F.3d 827, 830-31 (3d Cir. 1996).

4

the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination."[9] Khoury asserts that the Army's failure to provide the reasonable accommodation of first-class air travel constitutes an "adverse employment decision" under the third prong. We reject this argument.

Although federal employers are required to provide reasonable accommodations for disabled employees under the Rehabilitation Act, "the employer providing the accommodation has the ultimate discretion to choose between effective accommodations."[10] As the District Court correctly noted, and as Khoury provided in his response to the Army's Statement of Undisputed Material Facts, the purpose of the upgraded travel accommodation was to enable him to "stretch his extremities" and "get up and walk around after sitting for approximately one hour or so."[11] Khoury fails to point to "specific facts" that render the accommodation provided—train travel with a family bedroom sleeper-car upgrade—ineffective to achieve that purpose.

---

[9] *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004). Though the framework set forth in *Williams* pertains to a claim brought under the Americans with Disabilities Act, the "substantive standards for determining liability are the same" under both the Americans with Disabilities Act and the Rehabilitation Act. *Antol v. Perry*, 82 F.3d 1291, 1299 (3d Cir. 1996) (internal quotation marks omitted).

[10] 29 C.F.R. app. § 1630.9; *see also Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1305 (D.C. Cir. 1998) (en banc) ("[A]n employer is not required to provide an employee with the accommodation he requests or prefers, the employer need only provide some reasonable accommodation." (internal quotation marks omitted)).

[11] App. 15a-16a, 528a-529a.

Instead, Khoury asserts that the Army cannot prove that the accommodation he requested—first-class air travel—poses an undue burden on operations. Yet the Army need not do so. Because we agree with the District Court that the Army provided a reasonable accommodation via train travel with the sleeper-car upgrade, we find that Khoury failed to establish a *prima facie* case that would trigger the need for the affirmative defense of undue burden.

We have stated that "both parties have a duty to assist in the search for appropriate reasonable accommodation."[12] Indeed, "[w]hen the interactive process works well, it furthers the purposes of the Rehabilitation Act."[13] Khoury concedes that the facts do not support a claim that the Army failed to engage in the interactive process. We agree. Rather, it is Khoury who seemingly adopted the intractable position that first-class air travel was the *only* satisfactory accommodation available to him. Clinging to an optimal or preferred accommodation is contrary to the intent of the Rehabilitation Act. We therefore agree with the District Court that the Army provided Khoury with a reasonable accommodation.

IV.

For the above reasons, we will affirm the District Court's grant of summary judgment in the Army's favor.

---

[12] *Mengine*, 114 F.3d at 420.
[13] *Id.*